## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  16-cv-508-GKF-FHM** |
| | ) | |
| **(1) ACE PROPERTY AND CASUALTY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### "JURY TRIAL DEMANDED"

**COMES NOW** QuikTrip Corporation, Plaintiff herein, and for its claim against Defendant ACE Property and Casualty Insurance Company for breach of insurance contract and the tort of bad faith, subject to amendment at the conclusion of all pretrial discovery, does allege and state as follows, to wit:

### JURISDICTION

1.      Plaintiff QuikTrip Corporation is a corporation created under the laws of the State of Oklahoma, and having its principal place of business within the State of Oklahoma, and is therefore a citizen of the State of Oklahoma.

2.      Defendant ACE Property and Casualty Insurance Company (hereinafter "ACE") is a corporation created under the laws of the State of Pennsylvania, and having its principal place of business within the State of Pennsylvania, and is therefore a citizen of the state of Pennsylvania.

1

3.     The amount in controversy in this litigation exceeds $75,000.00, exclusive of interest and costs.

4.     Therefore, pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over the subject matter of this action by virtue of the diversity of citizenship of the parties hereto and the sufficiency of the amount in controversy.

## VENUE

5.     The insurance dispute at issue herein arose from an accident which occurred in Rogers County, Oklahoma, resulting in a lawsuit tried and a judgment entered in Rogers County, Oklahoma, for which judgment Plaintiff QuikTrip sought insurance coverage under a policy issued to it by Defendant ACE.

6.     Therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district since a substantial part of the events giving rise to this claim occurred in a county which is situated within that territory of which the Northern District of Oklahoma is comprised.

## FACTS

7.     For a minimum premium of $465,488.00, QuikTrip purchased from ACE a Commercial Umbrella Liability Policy of insurance numbered X00 G23866006 (a true and correct copy of which is attached hereto as Exhibit 1) which afforded QuikTrip excess liability insurance coverage in the amount of $30,000,000.00 per occurrence with a $30,000,000.00 general aggregate over $1,500,000.00 of underlying self-insured and insured coverage for the policy period from March 1, 2009 to March 1, 2010.

8. Underlying the ACE Commercial Umbrella Liability Policy, and scheduled therein as underlying insurance, was an Excess Liability Policy issued by Discover Property and Casualty Insurance Company (hereinafter "Discover") numbered D007L00094, having a $500,000.00 per occurrence limit of liability insurance coverage attaching over a $1,000.000.00 per occurrence self-insured retention, for the identical policy period as that of the ACE policy set forth above.

9. A lawsuit was filed against QuikTrip on July 27, 2011 in the District Court of Rogers County, Oklahoma, alleging that QuikTrip was liable to the plaintiff therein for injuries suffered in a slip and fall at a QuikTrip store located in Claremore, Rogers County, Oklahoma on August 6, 2009, and claiming damages by reason thereof in excess of $75,000.00.

10. QuikTrip retained experienced trial counsel to defend itself in the Rogers County lawsuit, and directed the defense of the lawsuit, pursuant to its obligations under its self-insured retention.

11. Throughout the course of discovery, and indeed even at trial, the evidence revealed that the plaintiff in the Rogers County lawsuit had incurred no more than approximately $40,000.00 in medical expense for treatment of the injuries which he alleged he had suffered as a result of the accident at QuikTrip.

12. Prior to trial, the highest settlement demand ever made by the plaintiff in the Rogers County lawsuit was $850,000.00, and neither QuikTrip nor its defense counsel ever evaluated the likely damages exposure of QuikTrip in the Rogers County lawsuit as exceeding, or even approaching, the amount of that settlement demand.

3

13.     Pursuant to the terms of both the Discover Excess Liability Policy and the ACE Commercial Umbrella Liability Policy, the insurers had the right to inspect and audit the books and records of QuikTrip at any time during the policy period and for up to three years thereafter.

14.     The ACE Commercial Umbrella Liability Policy required, as a condition to coverage, that QuikTrip report any claim or suit brought against it which was "reasonably likely" to involve a damages exposure in excess of the $1,500.000.00 in self-insured and excess coverage underlying it, and the Discover Excess Liability Policy contained a substantially similar condition.

15.     ACE never inspected and audited the records of QuikTrip concerning the Rogers County lawsuit or any other claim or suit pending against it, as it was entitled to do under its insurance contract.

16.     Discover, however, did exercise its right to inspect and audit the claim and litigation records of QuikTrip, including those involving the Rogers County lawsuit on two occasions after that lawsuit was filed but before it was tried, and the result of both of those audits gave QuikTrip a perfect score on reporting potential claims which were reasonably likely to involve a damages exposure of over $1,000.000.00, or $500,000.00 below the attachment point of the ACE policy, and resulted in no criticism of QuikTrip for its conclusion that the Rogers County lawsuit was not one presenting a damages exposure which was reasonably likely to implicate even the lower layer of insurance coverage afforded by the Discover policy.

17.     On January 12, 2016, a verdict was rendered against QuikTrip in the Rogers County case in the unexpected amount $3,500,000.00, which QuikTrip immediately reported to both Discover and ACE.

18.     Although QuikTrip advised Discover and ACE of defense counsel's evaluation that no reversible error had been committed in the trial which would warrant an appeal of the judgment, when ACE would neither commit to payment of that portion of the judgment in excess of the attachment point of its Commercial Umbrella Liability Policy nor agree that QuikTrip need not pursue an appeal of the judgment, thus putting QuikTrip at risk of an allegation by ACE that QuikTrip was in breach of a condition to coverage under its umbrella policy in the event that an appeal was not taken, QuikTrip directed defense counsel to file a motion for remitter and ultimately an appeal of the judgment entered on the verdict resulting in delay in the discharge of the judgment while interest continued to accrue thereon at a rate of approximately $500.00 per day.

19.     In order to facilitate the evaluation by ACE of its obligations under the Commercial Umbrella Liability Policy, QuikTrip fully cooperated with ACE and promptly provided all information which ACE requested.

20.     On March 28, 2016, Discover acknowledged coverage under its Excess Liability Policy and confirmed to QuikTrip its commitment to pay the $500,000.00 policy limit towards discharging the Rogers County judgment upon confirmation that QuikTrip had paid or made available its $1,000,000.00 self-insured retention.

21.     Despite being advised that Discover, which had actually reviewed and audited QuikTrip's claims and litigation files, had agreed to pay its policy limit to discharge

this judgment, on April 8, 2016 ACE denied any coverage to QuikTrip and refused to make any payment to discharge the judgment against QuikTrip in the Rogers County lawsuit.

22. In a subsequent discussion with representatives of QuikTrip, including its General Counsel, ACE representatives made comments to QuikTrip suggesting that a basis upon which ACE chose to deny QuikTrip coverage under its Commercial Umbrella Liability Policy for the Rogers County lawsuit was QuikTrip's decision not to renew certain insurance policies with ACE or its affiliated companies at the previous anniversary date of those policies.

<u>**COUNT I: BREACH OF INSURANCE CONTRACT**</u>

23. The ACE Commercial Umbrella Liability Policy afforded coverage for that portion of the Rogers County judgment entered against QuikTrip in excess of the policy's $1,500,000.00 attachment point, and ACE breached the insurance contract in denying coverage of, and payment for, the claim made by QuikTrip in relation thereto under the policy.

24. The asserted basis of ACE for refusing such coverage, that QuikTrip failed to report the Rogers County claim and lawsuit to ACE, did not constitute a breach of the policy's conditions to coverage as claimed by ACE or excuse its coverage obligation under the policy, since the conclusion that the claim was not reasonably likely to involve a damages exposure implicating the attachment point of the ACE policy was reasonable and appropriate and, in any event, such caused ACE to suffer no prejudice which would excuse the performance of its contractual obligations under the policy.

25.     As a result of the breach by ACE of its obligations under the Commercial Umbrella Liability Policy, QuikTrip has been required to discharge that portion of the judgment in the Rogers County lawsuit which was owed by ACE under its policy, thereby causing QuikTrip to suffer damages in excess of $2,200,000.00.

## COUNT 2:  BAD FAITH

26.     Although ACE could have conditioned coverage under its Commercial Umbrella Liability Policy upon QuikTrip reporting every claim and lawsuit brought against it, ACE chose instead to permit QuikTrip to exercise its judgment as to which claims and lawsuits were "reasonably likely" to implicate the coverage of the ACE policy and to require only the reporting of such claims or lawsuits to ACE.

27.     Moreover, although ACE contractually reserved to itself the right to inspect the books and records of QuikTrip so as to exercise its own judgment as to whether any claims or lawsuits pending against QuikTrip might, in the judgment of ACE, implicate its coverage, just as did Discover, unlike Discover ACE elected not to exercise that right.

28.     Instead, only after the adverse judgment against QuikTrip was entered in the Rogers County lawsuit implicating the very coverage for which QuikTrip paid $465,488.00 in premium, and apparently based at least in part upon the wholly improper consideration that QuikTrip had not renewed certain insurance policies which QuikTrip had previously purchased from ACE or its affiliates, ACE unreasonably and in bad faith denied QuikTrip the coverage which it purchased.

29.     In denying coverage to QuikTrip under these circumstances, ACE has acted not only unreasonably and in bad faith, but in reckless disregard of the rights of QuikTrip

and, under the circumstances, intentionally and with malice towards QuikTrip in retribution for not renewing coverages with ACE, by reason of which QuikTrip is entitled to recover not only damages in an amount of not less than $2,200,000.00 to compensate it for damages suffered by virtue of ACE's wrongful claim denial, but also punitive damages in twice the amount of QuikTrip's compensatory damages, or not less than $4.4 million dollars.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff QuikTrip Corporation does respectfully pray that this honorable Court grant it judgment against Defendant ACE Property and Casualty Insurance Company for breach of insurance contract and the tort of bad faith in the amount of not less than $2,200,000.00 in compensatory damages and for punitive damages of not less than $4,400,000.00, for its attorney fees and costs incurred in the prosecution of this action, and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

_s/Phil R. Richards_
Phil R. Richards, OBA #10457
Casper J. den Harder, OBA #31536
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma  74103
Telephone:  918/585.2394
Facsimile:  918/585.1449
Email: prichards@richardsconnor.com
        cdenharder@richardsconnor.com

ATTORNEYS FOR PLAINTIFF
QUIKTRIP CORPORATION